IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lakenyata Maxwell,<br><br>                    Plaintiff,<br><br>vs.<br><br>Housing Authority, *also known as Columbia Housing Authority*; Candice Tollison; Laquile Bracey; Deana Mills; Barry Hall; Southern Development Management Company; and Ashley Lewis,<br><br>                    Defendants. | Civil Action No. 3:23-6948-CMC<br><br>**ORDER** |

In this 42 U.S.C. § 1983 action, Plaintiff Lakenyata Maxwell asserts several claims arising from the termination of her federal housing assistance. She currently seeks a temporary restraining order to prevent Defendants from "initiating any further eviction proceedings" or "taking any retaliatory actions" against her, as well as to reinstate her housing assistance pending resolution of the case. ECF Nos. 67, 98, 99. On January 28, 2025, Magistrate Judge Paige J. Gossett filed a Report and Recommendation ("Report") recommending the court deny Maxwell's motions for a temporary restraining order. ECF No. 140. In doing so, Magistrate Judge Gossett found Maxwell had not shown a likelihood of success on the merits of her due process claim or that the balance of equities and public interest favor an injunction. *Id.* at 4, 6. On February 11, 2025, Maxwell filed timely objections to the Report, to which Defendants have replied. ECF Nos. 145, 146, 153, 154.[1]

---

[1] The court construes Maxwell's "Motion for Reconsideration of Temporary Injunction" at ECF No. 145 as additional objections to the Report and notes Maxwell has refiled her objections at ECF No. 156.

For reasons discussed below, the court adopts Magistrate Judge Gossett's Report and denies Maxwell's motions.

## LEGAL STANDARDS

A.   Temporary Restraining Order

A temporary restraining order is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).[2] To obtain such an order, the movant must establish (1) she is "likely to succeed on the merits"; (2) she is "likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [her] favor"; and (4) "an injunction is in the public interest." *Id.* at 20. All four factors must be established for the court to grant relief. *Henderson v. Bluefield Hosp. Co.*, 902 F.3d 432, 439 (4th Cir. 2018).

B.   Review of a Report and Recommendation

The Report carries no "presumptive weight," and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court reviews de novo "those portions of the [R]eport . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or "recommit the matter . . . with instructions." 28 U.S.C. § 636(b)(1). "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the

---

[2] Although *Winter* involved preliminary injunctions, "[t]he substantive standards for granting a request for a temporary restraining order and entering a preliminary injunction are the same." *S.C. Progressive Network Educ. Fund v. Andino*, 493 F. Supp. 3d 460, 465 (D.S.C. 2020).

2

objection.'" *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). In the absence of specific objections, the court reviews only for clear error, *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the Report, *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## DISCUSSION

Maxwell objects to the Report on five grounds. First, she asserts the Magistrate Judge "failed to acknowledge" she "was not given access to all documents used against her before the hearing." ECF No. 146 at 2. Maxwell, however, did not argue before the Magistrate Judge that the Columbia Housing Authority ("CHA") denied her access to any documents. Arguments raised for the first time in objections to a report and recommendation are typically deemed waived. *Elijah*, 66 F.4th at 460 n.3 ("[D]istrict court judges are not required to consider new arguments posed in objections to the magistrate[] [judge's] recommendation."). But given Maxwell's pro se status, the court will briefly address the merits of her newly raised argument.

"Participation in a public housing program is a property interest protected by due process." *Davis v. Mansfield Metro. Hous. Auth.*, 751 F.2d 180, 184 (6th Cir. 1984); *Caulder v. Durham Hous. Auth.*, 433 F.2d 998, 1002–03 (4th Cir. 1970). Due process requires participants in the Department of Housing and Urban Development's ("HUD") Housing Choice Voucher program receive: (1) timely notice of the grounds for termination, (2) an opportunity to present evidence and cross-examine witnesses, (3) the right to be represented by counsel, (4) a written decision stating the reasons for the determination, and (5) an impartial decision-maker. *Goldberg v. Kelly*,

3

397 U.S. 254, 266–71 (1970); 24 C.F.R. § 982.555. HUD regulations further provide a program participant "must be given the opportunity to examine . . . any [public housing authority] documents that are directly relevant to the hearing." 24 C.F.R. § 982.555(e)(2)(i). "If the [housing authority] does not make the document available for examination *on request of the [participant]*, the [housing authority] may not rely on the document at the hearing." *Id.* (emphasis added). Maxwell does not claim she requested any documents prior to the informal hearing, nor has she produced any evidence suggesting the CHA refused to provide documents when requested. Thus, her argument the CHA improperly withheld documents lacks merit.

Maxwell's second argument — that she was denied the opportunity to cross-examine Deana Mills — likewise fails. There is no indication the CHA presented Mills as a testifying witness during the informal hearing on December 1, 2023. *See* ECF No. 104-1 at 2, 22–23. While voucher program participants have the right to cross-examine witnesses presented by a housing authority, this right does not extend to every individual whose statements were relied upon as evidence. *See, e.g.*, *Robinson v. D.C. Hous. Auth.*, 660 F. Supp. 2d 6, 14–16 (D.D.C. 2009); *Tomlinson v. Machin*, No. 8:05-cv-1880-T-30MSS, 2007 WL 141192, at *6 (M.D. Fla. Jan. 16, 2007); *Mack v. W. Piedmont Council of Gov'ts*, No. 5:01-CV-144-V, 2002 U.S. Dist. LEXIS 28123, at *5–8 (W.D.N.C. Dec. 23, 2002). Further, because informal hearings are not bound by "the rules of evidence applicable to judicial proceedings," 24 C.F.R. § 982.555(e)(2)(5), a public housing authority may rely on hearsay evidence in reaching its decision, *see, e.g.*, *Williams v. Hous. Auth. of Raleigh*, 595 F. Supp. 2d 627, 631 (E.D.N.C. 2008); *Gammons v. Mass. Dep't of Hous. & Cmty. Dev.*, 502 F. Supp. 2d 161, 165–66 (D. Mass. 2007).

In her third objection, Maxwell claims the Magistrate Judge erred in declining to find that LaQuile Bracey, the hearing officer who upheld the termination decision, was biased. She argues a "clear conflict of interest" exists because Bracey was employed by the CHA. ECF No. 146 at 2. HUD regulations, however, allow a public housing authority to designate "any person" to conduct an informal hearing, as long as that person did not "[make] or approve[] the decision under review" and is not "a subordinate of [the] person" who did. 24 C.F.R. § 982.555(e)(4)(i). Since Bracey was not prohibited from serving as a hearing officer simply by virtue of her employment with the CHA, the court overrules Maxwell's third objection.

Next, Maxwell contends the CHA's notice of its intent to terminate her voucher was "legally insufficient" because it only "vaguely alleged fraud and failed to include specific dates, amounts, or supporting documentation of alleged unreported income." ECF No. 146 at 2. To comply with HUD regulations, a termination notice must "(i) [c]ontain a brief statement of reasons for the decision, (ii) [s]tate that if the family does not agree with the decision, the family may request an informal hearing on the decision, and (iii) [s]tate the deadline for the family to request an informal hearing." 24 C.F.R. § 982.555(c)(2). Here, the CHA sent Maxwell a letter on November 2, 2023, titled "Notice of Intent to Terminate." ECF No. 104-1 at 18. The letter stated the proposed termination was based on her "[f]ailure to comply with [a specific] Family Obligation[]" — namely, the prohibition against "[c]omit[ting] fraud, bribery or any other corrupt or criminal act in connection with the program." *Id.* It then identified four specific violations of her obligations under the voucher program:

5

- On 10/11/2022 you submitted fraudulent paperwork to add your son M.T. to your household. Records show that minor T. passed away on 5/7/2021.
- Public record shows that you received PPP loans in 2021 for a business (Lash Pro) that was not reported to the housing authority.
- Bryan Dixon is reported to be living in your unit as an unauthorized person.
- An additional PPP Loan was tied to your address for Johnny Hawkins (Landscaping Services) who is not on your lease.

*Id.* The letter concluded by advising Maxwell of the right to an informal hearing and the deadline for requesting such a hearing. *Id.*

The CHA's November 2, 2023, letter adequately informed Maxwell of its intent to terminate her voucher. By identifying Maxwell's submission of allegedly fraudulent paperwork on October 11, 2022, her unreported receipt of PPP loans in 2021, and the names of unauthorized individuals linked to her address, the notice provided enough detail for Maxwell to investigate the allegations and present a defense at the hearing. *See Edgecomb v. Hous. Auth. of Town of Vernon*, 824 F. Supp. 312, 314 (D. Conn. 1993) ("The requirement of notice is to inform the tenant of the allegations so that he can prepare a defense."); *Billington v. Underwood*, 613 F.2d 91, 94 (5th Cir. 1980) (explaining notice "must be sufficiently specific . . . to enable [a participant] to prepare rebuttal evidence to introduce at his hearing appearance"). The Magistrate Judge therefore did not err in finding notice sufficient to afford due process.

Finally, Maxwell argues the Magistrate Judge "wrongly conclude[d] that [she] failed to demonstrate irreparable harm," emphasizing she recently lost her job, faces homelessness, and is expecting a child in May. ECF No. 146 at 3. But contrary to Maxwell's assertion, the Magistrate Judge did not — and was not required to — address whether she had shown irreparable harm. *See* ECF No. 140 at 4 ("Plaintiff fails to satisfy at least three of the *Winter* factors. First, Plaintiff fails

6

to make a clear showing of a likelihood of success on the merits."); *id.* at 6 ("Second, even assuming Plaintiff has demonstrated a likelihood of success on the merits and an irreparable injury, she has failed to show that the balance of equities and public interest factors weigh in her favor."); *Vitkus v. Blinken*, 79 F.4th 352, 361 (4th Cir. 2023) ("[A] district court is entitled to deny preliminary injunctive relief on the failure of any single *Winter* factor, without fully evaluating the remaining factors."). Maxwell's failure to establish a likelihood of success on the merits is alone sufficient to deny her request for a temporary restraining order.

## CONCLUSION

After reviewing the objected-to portions of the Report de novo and the remainder for clear error, the court adopts Magistrate Judge Gossett's Report (ECF No. 140) and incorporates it herein. Maxwell's motions for a temporary restraining order (ECF Nos. 67, 98, 99) are denied. This matter is recommitted to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 11, 2025