IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lakenyata Maxwell, | C/A No. 3:23-6948-CMC-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Housing Authority, *also known as Columbia Housing Authority*; Candice Tollison; Laquile Bracey; Deana Mills; Barry Hall; Southern Development Management Company; Ashley Lewis, | |
| Defendants. | |

Plaintiff Lakenyata Maxwell, a self-represented litigant, filed this civil action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Plaintiff's sixth motion for a temporary restraining order. (ECF No. 157.) Having reviewed the motion and the applicable standards, the court concludes that Plaintiff's motion should be denied.

## BACKGROUND

Plaintiff brings this action claiming that the defendants violated her right to due process when they revoked her federal housing assistance without complying with Housing Authority regulations. Plaintiff alleges that she previously received a federal housing voucher through a program administered by the Columbia Housing Authority. Plaintiff alleges that on November 2, 2023, she received notice of the Housing Authority's intent to terminate her voucher due to Plaintiff's alleged fraud. She alleges that an informal hearing was held on December 1, 2023, before Defendant Laquile Bracey, who ultimately upheld the Housing Authority's decision to

terminate Plaintiff's voucher. Plaintiff claims that the notice and hearing she was provided failed to comply with Housing Authority regulations and due process requirements.

Plaintiff filed this action on December 28, 2023, seeking monetary, injunctive, and declaratory relief. Along with her complaint, Plaintiff filed a motion for temporary restraining order, seeking to enjoin the defendants from terminating her housing assistance and continuing eviction proceedings. (ECF No. 3.) On April 3, 2024, after consideration of various filings, the court denied Plaintiff's motion for a temporary restraining order on the merits. (ECF No. 41.)

On July 1, 2024, after service of Plaintiff's amended complaint and appearance by the defendants, Plaintiff filed another motion for a temporary restraining order. (ECF No. 67.) On August 16, 2024, Plaintiff filed a second amended complaint, adding new defendants and claims. (ECF No. 75.) On October 15, 2024, Plaintiff filed a renewed motion for a temporary restraining order and a motion for sanctions. (ECF Nos. 98 & 99.) On January 28, 2025, the court issued a Report and Recommendation analyzing Plaintiff's motions for a temporary restraining order under the standard below and recommending denial of all three then-pending motions. (ECF No. 140.) The Report and Recommendation was adopted on March 11, 2025. (ECF No. 158.) On March 7, 2025, after filing multiple objections to the Report and Recommendation, Plaintiff filed yet another motion for a temporary restraining order requesting an order preventing the defendants "from continuing with the eviction or taking possession of Plaintiff's residence pending further order of the Court." (ECF No. 157 at 16.) In this most recent motion, Plaintiff also requests an expedited hearing on her request prior to March 30, 2025.

## DISCUSSION

Plaintiff's motion is entirely duplicative of her previous motions, which have been considered and denied by this court. She presents no new information that would alter the court's

analysis and merely re-asserts her previous allegations. The court thus finds Plaintiff's motion should be denied for the reasons stated in its January 28, 2025 Report and Recommendation (ECF No. 140) and, alternatively, as a duplicative filing, see Wyler-Wittenberg v. MetLife Home Loans, Inc., 899 F. Supp. 2d 235, 247 (E.D.N.Y. 2012) ("The court should take whichever action it deems proper to 'avoid duplication of judicial effort, void vexatious litigation in multiple forums, achieve comprehensive disposition of litigation among parties over related issues, and eliminate the risk of inconsistent adjudication.' ") (quoting Regions Bank v. Wieder & Mastroianni, P.C., 170 F. Supp. 2d 436, 439 (S.D.N.Y.2001).

## RECOMMENDATION

For the foregoing reasons, the court recommends Plaintiff's motion for a temporary restraining order be denied. (ECF No. 157.)

March 13, 2025
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).