IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lakenyata Maxwell,<br><br>                  Plaintiff,<br>vs.<br><br>Housing Authority, *also known as Columbia Housing Authority*; Candice Tollison; Laquile Bracey; Deana Mills; Barry Hall; Southern Development Management Company; and Ashley Lewis,<br><br>                  Defendants. | Civil Action No. 3:23-6948-CMC<br><br>**ORDER** |

       In this 42 U.S.C. § 1983 action, Plaintiff Lakenyata Maxwell ("Maxwell" or "Plaintiff") asserts several claims arising from the termination of her federal housing assistance. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. It is currently before the court on Plaintiff's Emergency Motion for Preliminary Injunction to Restore Housing Voucher during Pending Litigation and Third Supplemental Emergency Motion for Preliminary Injunction. ECF Nos. 185, 194. Plaintiff also filed several motions to expedite ruling on her Preliminary Injunction motion. ECF Nos. 189, 190, 193.

       On July 8, 2025, Magistrate Judge Paige J. Gossett filed a Report and Recommendation ("Report") recommending the court deny Maxwell's motions for a preliminary injunction regarding her state eviction proceeding. ECF No. 195. On July 15, 2025, Maxwell filed timely

objections to the Report. ECF No. 199.[1] She has also filed three additional motions seeking the same relief: to stay her eviction proceedings pending resolution of her federal claims. ECF Nos. 203, 204, 207.[2] For reasons discussed below, the court adopts the Report and denies Maxwell's motions.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court is only required to review for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

---

[1] The court construes Maxwell's "Notice of Non-Opposition and Supplemental Statement/Exhibit," filed July 30, 2025, as additional objections to the Report. ECF No. 202.

[2] Given the pending eviction hearing scheduled for August 14, 2025, the court entered a Text Order on August 13, 2025, explaining it could not interfere with a state court eviction hearing. ECF No. 208.

2

**DISCUSSION**

Plaintiff's initial emergency motion at issue in the instant Report seeks to "enjoin Defendants from pursuing or encouraging any eviction or termination of tenancy," and "temporarily reinstate[ ] Plaintiff's Housing Choice Voucher assistance while this action remains pending." ECF No. 185. Her additional motion notes she was served with a Rule to Vacate or Show Cause in Richland County Magistrate court regarding back rent owed to her private landlord. ECF No. 194. Plaintiff notes she was "paying rent without CHA assistance" after moving to Magnolia Street in November 2023. *Id.* at 3. She requested the court reinstate her Section 8 voucher, stay state court eviction proceedings, and expedite the ruling. *Id.* at 4.

The Magistrate Judge determined this federal court cannot grant Plaintiff the relief she seeks: to stop eviction proceedings initiated by her landlord, who is not a party to this case. ECF No. 195. Plaintiff asserts she is facing eviction after being forced to move from her subsidized housing to this new apartment with higher rent. However, as noted by the Magistrate Judge, there is no indication Plaintiff's current landlord has any connection to this case or the defendants, as he is merely the landlord of the new apartment to which Plaintiff moved. "Any link to the issues before the court is too tenuous to warrant federal interference in a state court matter." *Id.* at 3 (citing *Younger v. Harris*, 401 U.S. 37 (1974)). The Report also finds Plaintiff's motions are duplicative of her previous motions for temporary relief and should also be denied for the reasons stated in the court's January 28, 2025 Report (ECF No. 140) or as duplicative. *Id.* at 4. The Report denied the motions to expedite (ECF Nos. 189, 190, 193) and recommends denial of the motions for preliminary injunction (ECF Nos. 185, 194).

3

Maxwell objects to the Report. ECF No. 199. She notes she has filed a motion for leave to file a Third Amended Complaint to "correct the deficiencies of the Second Amended Complaint by attaching critical exhibits and presenting a more coherent and factually detailed narrative of the ongoing retaliation and harm Plaintiff suffered during 2023 and 2024." *Id.* at 1. She asserts Defendants have not responded to her motions or denied the factual allegations in her Proposed Third Amended Complaint, then notes Defendants' opposition to her motion for leave to file lacks merit. *Id.* at 1-2. Maxwell complains the court ruled on her emergency motions for injunctive relief without first ruling on Plaintiff's pending motion to amend the complaint, and asserts this "omission has serious procedural consequences" because the court was unable to give "fair consideration" of her amended claims and requests for emergency relief. She contends it is unfair for the court to rule quickly on Defendants' motion for extension of time to respond to the motion for leave to file a Third Amended Complaint, but not to rule on her motion for leave itself or the many emergency motions for preliminary injunction she filed.

Regarding the merits of the Report, Plaintiff argues the private eviction from her current apartment is not independent from this matter, but "directly traceable to Columbia Housing's illegal termination of Plaintiff's voucher." *Id.* at 4-5. She contends her filings are not duplicative as they present newly developed facts. Because Defendants did not respond to her emergency motions for preliminary injunction, she asserts their silence should be construed as a waiver of opposition, and the motions should be treated as unopposed. *Id.* at 6. Plaintiff contends the Magistrate Judge's finding the eviction was a private landlord matter was incorrect, and states Columbia Housing Authority continued to pay rent at Plaintiff's previous apartment after she

4

moved, and staff continued to "harass" her with meritless evictions from a property where she no longer lived. She contends *Younger* abstention is not appropriate here because the state has no legitimate interest in "enforcing an eviction caused by CHA's retaliatory misuse of its authority." *Id.* at 8. Plaintiff explains she meets the *Winter* factors for a preliminary injunction. She claims Columbia Housing Authority "blocked" her move into the new apartment and claimed a notice of termination would be issued for her housing voucher. She contends Defendant Tollison was later fired from the Housing Authority. Finally, she contends her circumstances "demand equitable relief." *Id.* at 11. She requests the court reject the Report; deem the Third Amended Complaint the operative pleading; grant her motions for preliminary injunction; order reinstatement of her housing voucher retroactively to the date of wrongful termination; enter a protective order to prevent further retaliation; grant backpay for rent the Housing Authority should have paid from November 2023 forward; enjoin the Housing Authority and its employees from retaliatory action or interference with Plaintiff's housing rights; stay any pending or future evictions; and set an emergency hearing. *Id.* at 12-13.

On July 30, 2025, Plaintiff filed a supplemental document noting Defendants did not respond to her objections to the Report. ECF No. 202. She also explained no state court eviction hearing had been scheduled and her employment benefits had been exhausted. *Id.* at 2.

Plaintiff next filed a motion for protective order on August 8, 2025, explaining she received notice of a pending eviction hearing scheduled for August 14, 2025. ECF No. 204. She asserts the pending eviction arises out of alleged retaliatory conduct and discriminatory treatment by Defendants, and she faces irreparable injury if the state eviction proceeds. *Id.* at 2. She requests a

5

protective order enjoining any further attempts to evict Plaintiff pending resolution of this action. *Id.* at 3. Finally, on August 13, 2025, Plaintiff filed her urgent request for same day review, which the court addressed via text order. ECF Nos. 207 (motion), 208 (text order).

1. *Analysis*

    a. Pending Eviction

The court agrees with the Magistrate Judge it cannot interfere with Plaintiff's pending eviction from her apartment leased from a private landlord and, as such, cannot enjoin the state court from proceeding with the eviction hearing or process. Plaintiff's landlord is not a party to this action and the pending lawsuit does not concern her current apartment, as she was not using her housing voucher to assist with rent payments on this apartment. Although Plaintiff argues she had to move into the Magnolia Street apartment because she was evicted from Capital Heights, and Columbia Housing Authority would not allow her housing voucher to be used at the new apartment because it terminated her voucher, her renting of the apartment on Magnolia Street is not connected to her claims against Columbia Housing Authority and its employees. She may have had to move because of the termination of her voucher, but the new apartment, leased from a private landlord, is altogether separate from her claims in this litigation.

Plaintiff appears to conflate her evictions from Capital Heights with the currently pending eviction from Magnolia Street in her objections, when she alleges Housing Authority staff "continued using the courts to harass Plaintiff with meritless evictions." ECF No. 199 at 8. Any previous evictions from Capital Heights/Cardamom Ct. are not what she seeks to enjoin in her

emergency motions. Accordingly, the current pending eviction is not legally tied to her federal lawsuit, and the court cannot interfere.[3]

    b. *Winter* Factors

As far as Plaintiff's request for the court to enter a preliminary injunction reinstating her housing voucher while this action proceeds, the court agrees this is duplicative of Plaintiff's previous motions. In addition, the *Winter* factors weigh against awarding the relief Plaintiff seeks. The court has previously considered Plaintiff's motions for temporary restraining order to reinstate her housing voucher, and found Plaintiff failed to establish a likelihood of success on the merits of her due process claim.[4] ECF No. 158 at 7. The Magistrate Judge's Report preceding that Order also found Plaintiff failed to show the balance of equities and public interest factors weighed in her favor. ECF No. 140 at 6.

Plaintiff's current motions for preliminary injunction argue she has "presented clear evidence of retaliation and procedural violations" in the termination of her housing voucher; irreparable harm in loss of housing and possible homelessness for her and her children; the balance

---

[3] Although Plaintiff asserts her motions are unopposed, as Defendants did not respond, this does not mean the court can grant a motion with no legal basis or provide relief when not justified.

[4] The standard for granting a temporary restraining order is the same as one for a preliminary injunction. "The substantive standards for granting a request for a temporary restraining order and entering a preliminary injunction are the same." *S.C. Progressive Network Educ. Fund v. Andino*, 493 F. Supp. 3d 460, 465 (D.S.C. 2020). To obtain such an order, the movant must establish (1) she is "likely to succeed on the merits"; (2) she is "likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [her] favor"; and (4) "an injunction is in the public interest." *Id.* at 20. All four factors must be established for the court to grant relief. *Henderson v. Bluefield Hosp. Co.*, 902 F.3d 432, 439 (4th Cir. 2018).

of equities weighs in her favor because the harm to Plaintiff outweighs the burden on Defendants; and ensuring procedural due process and stability in housing programs is a compelling public interest. ECF No. 185 at 2. In her objections, Plaintiff asserts she has provided new information that justifies altering the conclusion of the Magistrate Judge in denying her previous requests for temporary restraining orders. Specifically, she notes she received a new eviction notice, "new factual admissions by CHA (e.g., lack of documentation, use of Google searches)," and "new impact on Plaintiff's health and pregnancy during active litigation." ECF No. 199 at 11. She also contends she has shown "ongoing irreparable harm" because her unemployment benefits are fully exhausted." ECF No. 202 at 2.

The Magistrate Judge previously found Plaintiff failed to make a clear showing Defendants violated her federal due process rights with regard to her housing voucher. ECF No. 140 at 4. The Housing Authority gave Plaintiff notice of its intent to terminate her benefits, and four specific violations of her obligations under the voucher program. *Id.* The Magistrate Judge and this court found the Housing Authority did not run afoul of the required process in terminating Plaintiff's benefits. *Id.*; ECF No. 158 at 3-4; *see also Goldberg v. Kelly*, 397 U.S. 254, 266-71 (1970) (Due process requires participants in the Department of Housing and Urban Development's Housing Choice Voucher program receive: (1) timely notice of the grounds for termination, (2) an opportunity to present evidence and cross-examine witnesses, (3) the right to be represented by counsel, (4) a written decision stating the reasons for the determination, and (5) an impartial decision-maker.). Plaintiff's asserted "new facts" regarding "lack of documentation" and "Google searches" do not alter the conclusion that she received proper procedural due process regarding

8

the termination of her voucher. She was given the opportunity to dispute the Housing Authority's justification for terminating her voucher, and the decision-maker agreed termination of benefits was proper. The court agrees allegations of bias on the part of the decision-maker have not been established by Plaintiff. Plaintiff's disagreement with the reasons for her voucher termination does not rise to the level of a due process violation.

The Magistrate Judge also found the balance of equities and public interest factors were not in Plaintiff's favor, as a "temporary restraining order on this uncertain record would be an extraordinary intrusion on the operation of a public agency and could interfere with its orderly management." ECF No. 140 at 6. Plaintiff gives no further explanation on these factors than "the harm to Plaintiff outweighs any burden on Defendants" and "ensuring procedural due process and stability in housing programs is a compelling public interest." ECF No. 185 at 2. The court does not disagree with Plaintiff's second statement; however, it has determined on the current record Plaintiff did receive procedural due process. As noted by the Magistrate Judge, reinstating Plaintiff's voucher could result in a voucher or associated monies being removed from another tenant with an active voucher, which would be a significant burden not only on the Housing Authority but also unsuspecting individuals. The court agrees this would not serve the public interest.[5]

---

[5] As previously noted by the court, the Magistrate Judge was not required to, and did not, address whether Plaintiff had shown irreparable harm. See *Vitkus v. Blinken*, 79 F.4th 352, 361 (4th Cir. 2023) ("[A] district court is entitled to deny preliminary injunctive relief on the failure of any single *Winter* factor, without fully evaluating the remaining factors."). The court acknowledges Footnote Continued . . .

The court finds the *Winter* factors are not met, and will not issue the extraordinary relief of a preliminary injunction on this record.

c. Other Considerations

The court will also address Plaintiff's complaints regarding her Third Amended Complaint and the granting of Defendants' motion for extension of time, as raised in her objections. Plaintiff is correct her motion for leave to file Third Amended Complaint has not yet been ruled upon. Due to Plaintiff's filing of multiple emergency motions seeking immediate relief, the court found it prudent to first address those issues, as Plaintiff indicated, in eight total motions, she needed an "immediate" ruling. The court endeavored to review her "emergency" motions and respond in a manner to give her the information needed during her eviction proceedings. A Report and court ruling regarding her motion for leave to file Third Amended Complaint will be forthcoming.

Plaintiff also asserts a "procedural disparity and unfair granting of extensions," highlighting what she perceives as a difference between the court's addressing her motions for leave to file Third Amended Complaint and for emergency injunctive relief versus Defendants' motion for extension of time to respond to a motion. ECF No. 199 at 3. Plaintiff's case has been pending since December 2023. Now, over 19 months later, Plaintiff seeks to amend her complaint

---

potential harm to Plaintiff if her Section 8 voucher is not reinstated. However, because her presentation failed on other prongs of the *Winter* test, a preliminary injunction is not appropriate.

10

and file a Third Amended Complaint.[6] During that time, numerous motions have been filed by Plaintiff and responded to with diligence by the Magistrate Judge and this court. Now Plaintiff claims disparity in judicial attention because the court ruled on Defendants' motion for extension of time to respond to Plaintiff's motion for leave to file her Third Amended Complaint (ECF No. 177). Plaintiff complains she was not given time to respond to the extension motion because it was ruled upon so quickly. However, the court notes neither rule cited by Plaintiff, Federal Rule of Civil Procedure 6(b) or Local Rule 7.06 mandates an opposing party be given an opportunity to respond, but merely set forth time frames for responses if filed. Defendants' motion was a simple request for 14 additional days to respond to Plaintiff's motion for leave to file a Third Amended Complaint. Such a request requires much less consideration than Plaintiff's substantive requests to amend her complaint or emergency requests for injunctive relief.[7] The court is working diligently to address Plaintiff's motions in a timely and thorough manner.

For the reasons above and as stated in previous orders, the court overrules Plaintiff's objections to the Report. The court also denies Plaintiff's motions for preliminary injunction and to stay eviction (ECF No. 203) and her motion for protective order (ECF No. 204), filed after the Report was entered, for the same reasons as stated above and in the court's text order at ECF No. 208.

---

[6] The deadline in the Scheduling Order to amend pleadings expired May 9, 2024, and has not been extended by subsequent Amended Scheduling Orders. ECF No. 48.

[7] The court notes an additional motion by Defendants to extend the scheduling order remains pending. ECF No. 181.

11

**CONCLUSION**

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's filings, the court agrees with the Report's recommendation the motions for emergency relief (ECF Nos. 185, 194) should be denied for the reasons stated in the Report and herein. Accordingly, the court adopts the Report by reference in this Order and denies the motions. Also denied are motions at ECF Nos. 203, 204. This matter is recommitted to the Magistrate Judge for further pretrial proceedings.[8]

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 19, 2025

---

[8] This will include review of the motion for leave to file Plaintiff's Third Amended Complaint.